IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Angela Thompson, ) | Civil Action No.: 9:13-3570-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Carolyn W. Colvin, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The plaintiff, Angela Thompson ("the plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On December 11, 2014, the magistrate judge issued a Report and Recommendation in which he determined that the Commissioner's decision was based on substantial evidence. Accordingly, the magistrate judge recommended affirming the Commissioner's decision. (ECF No. 18.) The plaintiff filed Objections on January 19, 2015 (ECF No. 22), and on February 5, 2015, the Commissioner filed a Reply (ECF No. 23). For the reasons stated below, the Court cannot adopt the Report and Recommendation and, therefore, reverses and remands the Commissioner's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. The plaintiff was 36 years old at the time of her alleged disability onset date; has a college education; and past relevant work as a teacher's assistant, a certified nursing assistant, and an attendance officer. (R. at 24, 32-33, 337, 375.) The plaintiff's applications were denied initially and on reconsideration. (R. at 83, 84) A hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable decision on September 3, 2008, finding that the plaintiff was not disabled within the meaning of the Act. (R. at 27-82, 18-26.) The Appeals Council denied the plaintiff's request for review, and the plaintiff filed her first action in United States District Court. The matter was remanded because the plaintiff submitted additional material from her treating physician which had not been proposed reviewed by the ALJ. (R. at 398-404.) Upon remand, the matter was referred back to the ALJ for a new hearing. (R. at 345-385.) The ALJ issued another unfavorable decision, and denied the plaintiff's claims in a decision dated August 29, 2012. (R. at 325-338.) The Appeals Council denied the plaintiff's request for review, (R. at 313-317) making the ALJ's decision the final decision of the Commissioner. The plaintiff subsequently filed an action in this Court on December 23, 2013. (ECF No. 1).

## REPORT AND RECOMMENDATION

The magistrate judge recommends affirming the ALJ's decision. (ECF No. 18 at 17.) The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with

2

making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to her with instructions.  28 U.S.C. § 636(b)(1).  "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations."  *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## **STANDARD OF REVIEW**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976).  In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must

include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The plaintiff filed objections to the Report and Recommendation ("Objections") on January 19, 2015 (ECF No. 22), and the Commissioner filed a reply on February 5, 2015 (ECF No. 23). Among others, the plaintiff objects to the magistrate judge's recommendation concerning the ALJ's alleged failure to properly weigh the treating physician's opinion, Dr. Khizar Khan.[1]

---

[1] As always, the Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

Based on the plaintiff's objections, the undersigned has three problems with the administrative decision, which taken together undermine the sufficiency of the evidentiary basis for the determination.

1.   The ALJ's following statement reflects an improper medical judgment by him: "In addition, Dr. Khan's extreme ratings of the claimant are so excessive as to appear implausible. If the claimant were actually this limited then she would almost certainly have to be hospitalized in psychiatric facility." (R. at 330.) This is a treatment determination the ALJ is not qualified to make. He may observe that the treatment was conservative. But, as the plaintiff offers, psychotropic medication alone, without hospitalization, has been found to be the appropriate treatment for severe mental problems. *See, e.g., Arm-strong v. Colvin*, No. CV 12–7060–CW, 2013 WL 3381352 at *5 (C.D. Cal. July 8, 2013). The ALJ's attempt to second-guess the treatment for the plaintiff is too far. *See Wilson v. Heckler*, 743 F.2d 218, 221 (4th Cir 1984). "An ALJ cannot play the role of doctor and interpret medical evidence when he or she is not qualified to do so." *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007). *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir.1985) ("By independently reviewing and interpreting the laboratory reports, the ALJ impermissibly substituted his own judgment for that of a physician; an ALJ is not free to set his own expertise against that of a physician who presents competent evidence."); *Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir.1982) ("Because an Administrative Law Judge as a rule is not a doctor, he should avoid commenting on the meaning of a test or clinical x-ray when there has been no supporting expert testimony.") As will be discussed, below, this improper observation is even more

5

      troubling in the context of a thin explanation for the ALJ's overall belief that Dr. Khan's opinion was not consistent with his treatment records.

2. The ALJ improperly relied on the observations of the family practice doctor as inconsistent with Dr. Khan's medical opinion to diminish it. (R. at 509-510, 513.) First, for the exact same timeframe, Dr. Khan agreed that the plaintiff was doing "fair," and a month later, "very good." (R. at 291, 534.) So, consistency actually existed between the physicians for the comparable period. Second, the family practice doctor saw the plaintiff only two times in a two month period. (10/08, R. at 509-510, 513; 10/09, R. at 508, 511-512.) As will be discussed, *infra* and alluded to above, it is difficult to accept the view of the family practice doctor as any significant consideration in rejecting the longitudinal view of a seven year treating relationship with Dr. Khan.

3. Lastly, the ALJ's characterization of Dr. Khan's opinion as out of proportion to the observations of his treatment records is not sufficiently explained. Echoing the above more specific errors, the Court generally is concerned about the overall treatment of Dr. Khan's opinion vis-a-vis the entire record, including his own notes. The ALJ preferred the one time examination of two consulting physicians and the two observations of a family practice doctor to a significant and longstanding treating relationship of Dr. Khan. And, while such a preference is technically justifiable, *see Morgan v. Barnhart*, 142 F. App'x 716, 727 (4th Cir. 2005), on the record here, it is not sufficiently explained. A couple of evidentiary examples are sufficient. The Court would nearly like to find an award of damages outright, but the following examples are still the province of the ALJ to weigh, in the first instance. The Court

6

would only offer a few, illustratively. Dr. Khan continuously noted that the plaintiff had paranoia and delusional thinking (see 209, 241, 242, 243, 263, 264, 283, 286, 300, 308, 532, 534, 589); had constricted or blunted affect (see 209, 213, 243, 263,282, 283, 286, 289, 300, 312, 531, 534, 535, 588, 590, 592, 594); had limited insight and judgment (see 241, 242, 243, 263, 264, 282, 283, 286, 563); was guarded (see 213, 215, 263, 531, 592, 599, 601); and was withdrawn (see 240, 264, 266, 269, 277, 283, 531). This evidence is potentially corroborative of Dr. Khan's later disability opinion, notwithstanding the ALJ's view that no such evidence existed. The ALJ did not go to much trouble to explain in what way he viewed this alleged and significant delta between the opinion and the contemporaneous notes. The defendant and magistrate judge were gracious to find evidence of the plaintiff's "alertness" and no "significant distress" at various places in the record. (See R&R at 9.) But, as the plaintiff counters, Dr. Khan saw the plaintiff over 60 times and only noted that she was alert on 6 of them (R. at 597, 598, 599, 600, 601, 6020) and apparently never used the word distressed, in the way offered (see R. at 209, 213-215, 240-243, 263-273, 276-279, 281-283 284-286, 290-292, 295-297, 300-302, 308-309, 312, 531-536, 588-590, 592-594, 597-602.) The ALJ mentions the effectiveness of medications but this is such a limited observation in light of the profundity of Dr. Khan's ultimate opinion. And, taken in the context of the other concerns cited above, the undersigned finds the overall basis for discounting Dr. Khan's opinion insubstantial.

In light of the above, the case should be remanded for a reconsideration of the entire claim. The ALJ will necessarily need to revisit items related to other objections of the

plaintiff as a corollary to reconsideration of the treating source opinion.

## **CONCLUSION**

Respectfully, the Court cannot concur in the ultimate recommendation of the magistrate judge but incorporates the law and facts herein by reference to the extent not inconsistent with this order. The decision of the Commissioner to deny benefits is, therefore, REVERSED and REMANDED for additional consideration consistent with this Order.

IT IS SO ORDERED.

                                             /s/Bruce Howe Hendricks
                                             United States District Judge

March 10, 2015
Greenville, South Carolina