IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

ANGELA THOMPSON, Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security, Defendant.

CIVIL ACTION NO. 9:13-3570-BHH-BM

**REPORT AND RECOMMENDATION**

This is a social security case filed by the Plaintiff. By Order filed March 10, 2016, the decision of the Commissioner in this case was reversed and the case was remanded for further proceedings. After a supplemental hearing before the ALJ, the ALJ issued a fully favorable decision. On April 6, 2016, the Commissioner issued a Notice of Award for Plaintiff indicating her past due benefits and issued a subsequent Notice of Award for Plaintiff's dependent children indicating their past due benefits on July 14, 2016.

On June 30, 2016, the Honorable Bruce Howe Hendricks, United States District Judge, awarded Plaintiff attorney fees under the Equal Access to Justice Act ("EAJA"). Plaintiff's counsel has now filed a petition for approval of attorney's fees in this Social Security disability case pursuant to 42 U.S.C. § 406(b)(1)(A) in the amount of $43,221.50, which represents 25% of the past due benefits for the Plaintiff and her children. This motion has been referred to the undersigned. As the parties have not consented, a Report and Recommendation is being entered for consideration by the District Judge. See Pacel Corp. V.F. Kay Calkins, 325 Fed.Appx. 202 (4th Cir. May 11, 2009) [discussing attorney fee order as being a dispositive order]; McConnell v. ABC–Amega, Inc., 338



Fed.Appx. 24 (2d Cir.2009) [attorney fees motions are dispositive for purposes of Rule 72]; Rajaratnam v. Moyer, 47 F.3d 922, 923–24 (7th Cir.1995) [holding that the denial of an application for attorney fees should be considered dispositive for purposes of § 636(b)(1)(A)]; Massey v. City of Ferndale, 7 F.3d 506, 509 (6th Cir. 1993)[discussing Magistrate Judge's lack of authority to enter an order on motion for attorneys' fees]. See also, Order (Court Docket No. 37).

Plaintiff's counsel seeks approval of this fee pursuant to 42 U.S.C. § 406(b), which provides that:

> [w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

Plaintiff's counsel and Defendant also agree that any attorney fees awarded under § 406(b) are subject to offset by the previous EAJA award, and that Plaintiff's counsel is required to refund to the Plaintiff the lesser of either his EAJA or § 406(b) award.

The contingency fee requested in this case is provided for by the contingency fee agreement [see Plaintiff's Exhibit A] and is at the statutory ceiling for attorney fees in social security cases of 25% of the past-due benefits. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). Plaintiff's counsel contends that a fee award of $43,221.50 equates to an hourly rate of $819.36 based on the time records submitted. However, these time records include and do not distinguish between paralegal time (33 hours) and attorney time (19.75 hours). There is no authority from the Fourth Circuit regarding how paralegal work should be compensated, if at all, under 42 U.S.C. § 406(b). The





Defendant points out that two courts in this district have modified fee awards in cases where substantial portions of the federal court work was performed by paralegals (among other considerations), and that courts from other districts that have addressed this issue have reached varying opinions as to whether or not time expended by a paralegal is separately considered or whether it is expected to be included in the overhead. See Memorandum in Response to Plaintiff's Motion for Attorney Fees, p. 4, citing Smith v. Astrue, No. 06-883, 2009 WL 649192, at * 3 (C.D.Cal. Mar. 9, 2009)[reasoning that fees may be awarded for paralegal work under 42 U.S.C. § 406(b) when the paralegal performs work that would otherwise be handled by an attorney and that are ordinarily billed separately to the client]; Yarnevic v. Apfel, 359 F.Supp.2d 1363, 1365-1366 (N.D.Ga. 2005)[concluding that not including paralegal fees would amount to a windfall to the plaintiff, and approving an award that amounted to an hourly rate of almost $650 where counsel was highly experienced and had obtained significant benefits]; Roark v. Barnhart, 221 F.Supp.2d 1020, 1026 (W.D.Mo. 2002)[declining to include paralegal time, which comprised over half of the time spent in the case, in the section 406(b) award because it had been compensated in the EAJA award].[1]

As noted, the two cases from this district which have dealt with this issue modified the amount of the fees requested. See Dixon v. Colvin, No. 12-3625, 2016 WL 55275, at * 2 (D.S.C. Jan. 5, 2016)[Finding that the "issue is not whether paralegal time is compensable, but whether the contingency agreement yields a reasonable fee amount."]; Graham-Willis v. Colvin, No. 12-2489, 2015 WL 4068597, at **3-4 (D.S.C. July 1, 2015)[Same; and finding the requested fee of $23,889.70

[1] With regard to the holding in Roark and any potential application of its reasoning to this case, the parties have agreed that the lesser of the EAJA or § 406(b) award will be refunded from Plaintiff's counsel to Plaintiff. Therefore, it would be inappropriate in this case to not include consideration of the paralegal hours on that basis.





to be improper "in consideration of the large amount of paralegal time spent on the case" and other factors; reducing fee to $20,075.00]. It is noted, however, that in Dixon the award was modified to equate to $1,000 per hour, which exceeds the hourly amount requested in this case.

The Defendant argues that the amount of attorney fees requested in this case is excessive, and should be reduced to an amount that reasonably compensates Plaintiff's counsel and his paralegals for their work before this Court. See Memorandum in Response, p. 1. Since the fee requested in this case does not exceed the statutory maximum, the following factors must be examined to determine if the fee should be reduced: (1) whether the fee is out of line with the character of the representation and the results . . . achieved; (2) whether counsel's delay caused past-due benefits to accumulate during the pendency of the case in court; or (3) whether past-due benefits are large in comparison to the amount of time counsel spent on this case. Mudd v. Barnhardt, 418 F.3d 424, 428 (4th Cir. 2005); Gisbrecht, 535 U.S. at 808.

The undersigned has reviewed Plaintiff's counsel's extensive experience in this area and the high quality of representation in this case, and notes the consideration of benefits obtained for the Plaintiff and her children as a result of this representation. Further, while Plaintiff's counsel makes no argument that he is entitled to any portion of future benefits, the value of the case in all likelihood will include significate future benefits to the Plaintiff, who has *potential* lifetime pre-retirement benefits.[2] The undersigned also notes that counsel has not caused any delay which resulted

[2]Plaintiff was only thirty-six years old at the time of her onset of disability on October 20, 2005. See Court Docket No. 18, pp. 1, 3.





in the accumulation of the past-due benefits during the pendency of this case.[3] Additionally, although a fee of $43,221.50, which equated to an hourly rate of $819.36 (if attorney and nonattorney time is combined) is generous, it is not out of line with what other courts in this district and circuit have found to be reasonable. Addison v. Colvin, No. 13-2628-BM (filed Sept. 8, 2016) [awarding $34,485.00, which equates to an hourly rate of $1,014.26]; Ladson v. Colvin, No. 11-848-PJG (filed August 16, 2016)[awarding $51,755.48 in attorney fees which equated to an hourly rate of $1,176.26]; Crider v. Colvin, No. 13-489, 2016 WL 3997374 (D.S.C. July 26, 2016)[Reducing requested § 406(b) fees to equate to $1,000 hourly rate]; Boulware v. Colvin, 13-3597, 2016 WL 70821, at * 2 (D.S.C. Jan. 6, 2016)[reducing requested fee under § 406(b) to $28,250, "which represents a generous effective hourly rate of $1,000"]; Dixon v. Colvin, No. 12-3625, 2016 WL 55275, at * 3 (D.S.C. Jan. 5, 2016)[reducing requested fee award to $28,500 which represented an effective hourly rate of $1,000]; Duvall v. Colvin, No. 11-577, 2013 WL 5506081, at * 1 (D.S.C. Sept. 30, 2013)[finding that hourly rate of $972.00 was generous, but reasonable]; see also Claypool v. Barnhardt, 294 F.Supp.2d 829, 833 (W.D.W.Va. 2003)[approving contingency fee amount under § 406(b) which equated to an hourly rate of $1,433.12].

Inclusion of only the attorney hours of 19.75 would result in an hourly fee of $2,188.00, exceeding the effective hourly rates allowed by other courts in this District under Mudd and Gisbrecht. Accordingly, this Court has examined the nature of the work performed by the paralegal in this case to determine whether the fee requested is reasonable. Plaintiff's detailed initial

---

[3]The record does not show any evidence during the pendency of this matter of any delays by Plaintiff's counsel other than one requested brief extension to file objections to a previously issued Report and Recommendation in this case.





brief of 39 pages, Plaintiff's response brief of 12 pages, and Plaintiff's objection brief of 20 pages to the Report and Recommendation which recommended affirming the Commissioner's decision, were all drafted by the paralegal in this case. The record before the Court further indicates that the paralegal spent significant time on purely legal issues which would be allowed to be billed for attorneys, and that none of the duties listed in the paralegal's activities indicate purely clerical tasks. See Court Docket No. 28-3. While counsel reviewed and edited the briefs and performed research prior to filing the objections to the Report and Recommendation, the undersigned does not find that the combined time spent was unreasonable based on the issues and briefs in this case.

It is also noted that counsel has represented the Plaintiff for almost 8 years. See Plaintiff's Exhibit A. While counsel does not seek compensation in the current motion for time spent before the Agency, counsel does point out that he represented Plaintiff in her 2008-2010 appeal to the Appeals Council, after a first appeal to the District Court where he represented her in a hearing, followed by representation at an appeal to the Appeals Counsel, a second appeal to and remand from the District Court, and in a 2015-2016 second hearing. See Plaintiff's Reply Brief, p. 2, n. 1. Counsel represents to the Court that he has not petitioned for a fee for all of the administrative work he performed, and that he does not intend to petition for a fee if the requested fee in this motion is approved in its entirety. Id. The undersigned finds that it is proper to consider these matters to the extent that they reflect on the complexity and difficulty of the issues in this case and the skills required to ultimately obtain a successful result. Mudd, 418 F.3d at 428-429.

After review of the Petition, and based upon a review of the facts in this case, the parties' arguments, and the relevant case law, all as is discussed hereinabove, the undersigned





recommends granting the Plaintiff's motion for attorneys fees under 42 U.S.C. § 406(b)(1) in the amount of $43,221.50.[4] Cf. Dixon, 2016 WL 55275 at **2-3 [Where Court awarded as a reasonable fee $28,500 which equated to $1,000 hourly rate for work performed by both the attorney (who is the same counsel in this case) and his paralegal].[5]

The parties are referred to the notice page attached hereto.

Bristow Marchant
United States Magistrate Judge

October 19, 2016
Charleston, South Carolina

[4] Although this recommendation is based on the reasonableness of the fee, this amount does also equate to an hourly rate of $819.36 based on the total number of hours of work performed by **both** the attorney and his paralegal. The undersigned's determination of the reasonableness of this fee is based on the specific issues and facts presented in this case, and should *not* be taken as any indication that paralegal work in future cases will yield this same result.

[5] As Plaintiff's counsel has already been awarded a lesser amount of fees under the EAJA, he is to refund to the Plaintiff the previously ordered EAJA fees immediately upon receipt of the § 406(b) fees set forth herein. Crider, 2016 WL 3997374 at * 3 n. 1 ["Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee...up to the point the claimant receives 100 percent of the past-due benefits."] (quoting Gisbrecht, 535 U.S. at 796 (internal quotation marks and citation omitted)).





**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

